21378. YOUNG *v.* THE STATE.

DECIDED JUNE 9, 1931.

*D. Roy Hay, W. H. Duckworth,* for plaintiff in error.
*Jeff A. Pope, solicitor,* contra.

LUKE, J. The accusation in this case charges that on May 15, 1930, in Grady County, Ga., Joe Young did "operate a motor-vehicle for hire, hauling passengers for a consideration on the highways of said county outside the incorporate limits of any town therein without first obtaining a certificate of public convenience and necessity from the Georgia Public Service Commission so to do." The only question raised by the record is whether or not the evidence supports the verdict.

A. C. Moore testified, in substance, that the defendant was a regular licensed taxicab driver in the city of Thomasville on May 15, 1930; that on the morning of said day witness "got off the A., B. & C. train . . coming to Thomasville," and told defendant that he, witness, had an important engagement to meet a man in Cairo, and was "anxious to get to Cairo;" that defendant carried him to Cairo, Grady County, Ga., in defendant's car over the Thomasville-Cairo highway; that defendant charged witness $3 for the trip, and that witness paid defendant that amount upon arriving at Cairo; that this was the only time witness ever rode with defendant, and the only time witness knew of the defendant's carrying anybody outside the city limits of Thomasville for hire; that B. Y. Vann got witness to hire the defendant to make the trip to Cairo, and gave him the money with which to pay for it; and that witness "was working for Mr. Rich just to do this one thing." Mr. B. Y. Vann testified, in substance, that the defendant had been operating a taxicab in Thomasville for ten or fifteen years; that witness gave A. C. Moore the money to pay defendant for said trip to Cairo; that witness had seen defendant "out on the Boulevard around Thomasville before," but that he did not know "whether they paid him anything or not." T. E. Rich testified as follows: "I know the defendant, Joe Young. He lives in Thomasville and operates a taxi there. He has never qualified with the Georgia Public Service Commission under the motor-carrier's act of 1929, and obtained a certificate to operate a motor-vehicle under that act. I work for the Public Service Commission. It is my business to see that the provisions of the law are enforced under that act, and I knew that the defendant was operating a taxi at Thomasville; and, in so far as I know, he had paid his license in the city there for that business, and had been doing so for several years. That was my understanding. I told him that if he was not going to qualify with the Public Service Commission that he had better not go out of town, and that we would catch him if he did. I saw the boy, Mr. Moore, when he paid him the $3. I had it understood where he was to go when he got to Cairo, and when he pulled up at the filling station. . . I stepped up to the side of the car and saw him count off the money, and pay it to him."

Section 2 (c) of the act of 1929 (Ga. L. 1929, p. 293) reads: "The term 'motor carrier' means every corporation or person own-

ing, controlling, operating, or managing any motor-propelled vehicle (and the lessees, or receivers, or trustees thereof, appointed by any court whatsoever) used in the business of transporting persons or property for hire over any public highway in this State and not operated exclusively within the incorporated limits of any city or town; provided, that the term 'motor carrier' as used in this act shall not include, and this act shall not apply to: . . (3) Motor-vehicles operated exclusively within the incorporated limits of cities or towns; (4) Taxicabs, or trucks of baggage-transfer companies, which are operated principally within the incorporated limits of cities or towns, but which may in the prosecution of their regular business occasionally go beyond the limits of the city or town in which they operate, and which do not operate between such city or town and fixed termini outside of such city or town limits."

It may not be inappropriate to state here that after a careful analysis of the act under consideration in the case of *McIntyre* v. *Harrison*, 172 *Ga.* 65 (157 S. E. 499), Justice Hines, speaking for the majority of the court, reached the following conclusion, expressed in headnote 3 of that decision: "The motor-carrier act of 1929 is applicable alone to common carriers by automotor vehicles, and does not apply to private carriers of goods for hire in such vehicles over the public highways of this State; and such private carriers are not thereby subjected to the control or regulation of the Public Service Commission of this State." Proof of only one trip for hire outside the city limits of Thomasville during the fifteen years the defendant had been operating a taxicab in Thomasville does not suffice to make the defendant a common carrier without the limits of that city. Applying subsection 4, supra, to the facts of this case, we do not believe that the defendant violated the act by failing to procure a "certificate of public convenience and necessity," as required by section 4 (a) of the act. Therefore we hold that the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*